UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.   6:03-0698 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | ORDER |
| Demetrius Conelius O'Neal, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to be granted a ten-month sentence reduction under Rule 35. For the reasons stated below, defendant's motion is DENIED.

On August 25, 2003, the defendant pled guilty to unlawful transportation of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) before the Honorable Margaret B. Seymour, U.S. District Judge in Spartanburg, South Carolina. On April 5, 2004, this Court entered judgment, sentencing the defendant to one hundred (100) months imprisonment to be followed by a period of supervised visitation. On August 25, 2004 this Court granted a motion to amend judgment as to the defendant, sentencing the defendant to seventy (70) months imprisonment to be followed by a period of supervised visitation. On March 6, 2007 the defendant wrote the Court requesting a reduction in sentence pursuant to Rule 35.

Defendant raises this matter *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

This Court finds defendant's request to be a motion under Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 of the Federal Rules of Criminal Procedure (as amended December 1, 2002) states that a sentence may be reduced in two situations:  (a) the court may correct a sentence within 7 days after sentencing if the sentence resulted from arithmetical, technical or other clear error; and (b) upon motion of the government to reflect a defendant's subsequent and substantial assistance in the investigation or prosecution of another person.  Fed. R. Crim. P. 35.

Neither situation is present in this case.  Out of an abundance of caution, the Court has contacted the U.S. Attorney's Office and requested information on any assistance the defendant has provided.  The Court is informed that defendant has not provided any unrewarded assistance to the government. Therefore, defendant's motion for a reduction in sentence is hereby DENIED.  Defendant's request to be resentenced to the "Turning Point Program" is also DENIED.

IT IS SO ORDERED.

March 15, 2007

Anderson, South Carolina

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

2

## NOTICE OF RIGHT TO APPEAL

The defendant has the right to appeal this Order within ten(10) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.