UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.  6:03-0698 |
| ) | |
| vs.    ) | |
| ) | |
| ) | ORDER |
| Demetrius Conelius O'Neal,    ) | (Written Opinion) |
| ) | |
| Defendant.    ) | |
| _____) | |

This matter is before the Court on Defendant's Motion to Reduce Sentence. On August 25, 2003, the defendant pled guilty to unlawful transportation of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) before the Honorable Margaret B. Seymour, U.S. District Judge in Spartanburg, South Carolina. On April 5, 2004, this Court entered judgment, sentencing the defendant to one hundred (100) months imprisonment to be followed by a period of supervised visitation. On August 25, 2004 this Court granted a motion to amend judgment as to the defendant, sentencing the defendant to seventy (70) months imprisonment to be followed by a period of supervised visitation. On May 9, 2007, Defendant requested that he be allowed to serve the remaining year of his sentence at the Turning Point halfway house in Greenville, South Carolina.

Defendant raises this matter *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert.*

1

*denied*, 439 U.S. 970 (1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Defendant completed the drug rehabilitation program offered by the Bureau of Prisons.  "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. §3621(e)(2)(B)  (emphasis added).  As the statute makes clear, whether to reduce a sentence due to completion of the drug treatment program is a decision made by the Bureau of Prisons.  "All offenses under 18 U.S.C. §922(g) shall preclude an inmate from receiving certain Bureau program benefits."  *BOP Policy Statement* 5162.04(e).  These program benefits include the §3621 reduction in sentence.  Therefore, Defendant is not eligible for a reduction pursuant to §3621.

Defendant asks the Court to take into account his good record and reduce his sentence under the Court's own authority.  The Court has reviewed Defendant's submissions and commends Defendant for taking advantage of the programs that the Bureau of Prisons has to offer.  However, the Court declines to reduce Defendant's sentence at this time.

The Court notes that Defendant is scheduled to be transferred to the Alston Wilkes halfway house in the Greenville, South Carolina area on or about February

21, 2008. If Defendant maintains his current record as a model prisoner, the Court has no doubt that he will benefit greatly from his experience at Alston Wilkes and soon be prepared to re-enter society.

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence is DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 11, 2007

Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

The defendant has the right to appeal this Order within ten(10) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.